*NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re:<br>SOLOMON DWEK, et al.[1]<br>　　　Debtors. | : : : : : | Chapter 11<br>Case No. 07-11757 (KCF) |
| CHARLES A. STANZIALE, Jr.,<br>Chapter 11 Trustee for the Estates of<br>Solomon Dwek, et al.<br>　　　Plaintiff, | : : : : : | **OPINION** |
| v. | : : | |
| BEAR STEARNS, INC.,<br>KENNETH CAYRE, KLCC<br>INVESTORS, LLC, and KLC<br>FOUNDATION,<br>　　　Defendants | : : : : : : | Civil Action No. 09-4833 (FLW) |
| and | : : | |
| D & D Trust,<br>　　　Intervenor-Defendant. | : : : | |

**WOLFSON, United States District Judge**:

　　Before the Court is Defendants Kenneth Cayre, KLCC Investments, LLC, and KLC Foundation's (collectively, "Cayre Defendants" or "Defendants") motion to withdraw the reference of this matter from the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court"), and to transfer venue to the United States District Court for the Southern District of New York ("Motion to Withdraw"). Plaintiff

---

[1] The jointly administered estates include: Solomon Dwek, No. 07-11757 (KCF); 10 Neptune, LLC, No. 07-11974 (KCF); SEM Realty Associates, LLC, No. 07-11976 (KCF); Deal Golf, LLC, No. 07-11982 (KCF); Dwek Trenton Gas, LLC, No. 07-12794 (KCF); Neptune Gas, LLC, No. 07-12796 (KCF); Route 33 Medical, LLC, No. 07-12798

1

Charles A. Stanziale, Jr., the Chapter 11 Trustee (the "Trustee"), opposes this motion contending that Defendants have not met their burden to show cause to withdraw the reference from the Bankruptcy Court. Upon the review of parties' papers and the relevant case law, the Court finds the withdrawal of the reference from the Bankruptcy Court is not appropriate at this time.

## I.  Background and Procedural History

The motion before the court arises out of a complex set of facts surrounding Solomon Dwek, the debtor in the underlying bankruptcy action, and his related business entities. Only the facts relevant to the instant motion to withdraw are set forth below.

### A. *The New Jersey Bankruptcy Proceeding*

The Motion to Withdraw arises out of an ongoing bankruptcy proceeding in the Bankruptcy Court. The debtors in this proceeding are Solomon Dwek, a New Jersey citizen and businessman, and his associated business entities. Between February 9, 2007, and May 22, 2007, numerous voluntary and involuntary Chapter 7 and Chapter 11 bankruptcy petitions were filed on behalf of Dwek and his business entities. The current Dwek bankruptcy proceeding encompasses Dwek's estate as well as sixty-eight additional estates of the related business entities,[2] and is presided over by the Trustee, the

---

(KCF); 1111 Eleventh Avenue, LLC, No. 07-12799 (KCF); Dwek North Olden, LLC, No. 07-12800 (KCF); Dwek State College, LLC, No. 07-12802 (KCF); 1631 Highway 35, LLC, No. 16041 (KCF); 167 Monmouth Road, LLC, No. 07-16045 (KCF); 2100 Highway 35, LLC, No. 07-16048 (KCF); 230 Broadway, LLC, NO. 07-16049 (KCF); 264 Highway 35, LLC, No. 07-16052 (KCF); 374 Monmouth Road, LLC, No. 07-16053 (KCF); 55 North Gilbert, LLC, No. 07-16054 (KCF); 601 Main Street, LLC, No. 07-16055 (KCF); 6201 Route 9, LLC, No. 07-16057 KCF; Aberdeen Gas, LLC, No. 07-16058 (KCF); Bath Avenue Holdings, LLC, No. 07-16060 (KCF); Belmar Gas, LLC, No. 07-16061 (KCF); Berkeley Heights Gas, LLC, No. 07-16062 (KCF); Brick Gas, LLC, No. 07-16064 (KCF); Dover Estates, LLC, No. 07-16065 (KCF); Dwek Gas, LLC, No.

2

Chapter 11 trustee for the jointly administered estates. In furtherance of the bankruptcy proceeding, the Trustee has filed ninety-eight adversary proceedings in the Bankruptcy Court. One of these adversary proceedings, in which a second amended complaint was filed June 9, 2008, names the Cayre Defendants and D & D Trust as defendants[3] (the "Adversary Proceeding"). At the core of the Adversary Proceeding are the issues surrounding certain security instruments, held in a New York bank account (the "Securities"). The current ownership of, and security interests in, the Securities are disputed, and this dispute is the subject of an ongoing interpleader action in the District Court for the Southern District of New York (the "Interpleader Action").

---

07-16066 (KCF); Dwek Hopatchung, LLC, No. 07-16067; Dwek Income, LLC, No. 07-16068 (KCF); Dwek Ohio, LLC, No. 07-16069 (KCF); Dwek Pennsylvania, LP, No. 07-16071 (KCF); Dwek Wall LLC, No. 07-16072 (KCF); Dwek Woodbridge, LLC, No. 07-16073 (KCF); Kadosh, LLC, No. 07-16074 (KCF); Lacey Land, LLC, No. 07-16075 (KCF); Monmouth Plaza, LLC, No. 07-16076 (KCF); P & Y Holdings, LLC, No. 07-16077 (KCF); Sugar Maple Estates, LLC, No. 07-16078 (KCF); West Bangs Avenue, LLC, No. 07-16079 (KCF); Beach Mart, LLC, No. 07-16104 (KCF); Seven Broad, LLC, No. 07-17124 (KCF); Dwek Apartments, LLC, No. 07-18315 (KCF); Dwek Raleigh, LLC, No. 07-18316 (KCF); Greenwood Plaza Acquisitions, LLC, No. 07-18317 (KCF); Sinking Springs II, LP, No. 07-18318 (KCF); Sinking Springs, LP, No. 07-18320 (KCF); Neptune Medical, LLC, No. 07-18766 (KCF); Bridgeton Building, LLC, No. 07-19629 (KCF); Dwek Properties, LLC, No. 07-20939 (KCF); WLB Center, LLC, No. 07-21752 (KCF); Dwek Branches, LLC, No. 07-22035 (KCF); Dwek Assets, LLC, No. 07-22036 (KCF); Asbury Gas, LLC, No. 07-22632 (KCF); Jemar Enterprises, LLC, No. 07-22633 (KCF); Melville Dwek, LLC, No. 07-22634 (KCF); Newport WLB, LLC, No. 07-22635 (KCF); Red Bank Gas, LLC, No. 07-22634 (KCF); WLB Highway, LLC, No. 07-22635 (KCF); Belmont Properties, LLC, No. 07-22898 (KCF); Tinton Falls Land, LLC, No. 07-23872 (KCF); Copper Gables, LLC, No. 07-24829 (KCF); Dwek Homes, LLC, No. 07-24832 (KCF); Myrtle Avenue, LLC, No. 07-24836 (KCF); Grant Avenue Estates, LLC, No. 07-24837 (KCF); Neptune City Stores, LLC, No. 07-24839 (KCF); 170 Broad, LLC, No. 07-24922 (KCF); Dwek Land, LLC, No. 07-25349 (KCF); Dwek Motors, LLC, No. 07-25350 (KCF); Waretown Shops, LLC, No. 07-25668 (KCF); and Monmouth Consulting Services, LLC, No. 07-25913 (KCF).

[2] See note 1, supra, to caption of the Opinion.

[3] Although D&D Trust is also a defendant in the Adversary Proceeding, it is not a party to the Motion to Withdraw. Therefore, for the purposes of this Opinion, all references to "Defendants" refer solely to the Cayre Defendants, unless otherwise noted.

B.  *The New York Interpleader Action*

The Interpleader Action was commenced in the Southern District of New York by Citigroup[4] on July 19, 2006, against KLCC Investments, LLC, and D & D Trust, to resolve a dispute over ownership of, and/or superior security interests in, the Securities.

In the Interpleader Action, KLCC alleges that Dwek entered into an agreement with KLCC in July 2005, through which KLCC advanced funds to Dwek in exchange for Dwek granting KLCC a security interest in the Securities, then held by Dwek in a Citigroup account.  Cayre Decl.[5] at ¶¶ 9-10.  KLCC further alleges that at or around this same time, Dwek and KLCC entered into a "Control Agreement" with respect to the Securities, which granted KLCC the power to transfer the Securities from Dwek's account into an account opened by KLCC.  Id. at Ex. C.  In or around the first week of May 2006, KLCC executed its power under the Control Agreement, and the Securities were transferred into a KLCC-owned account at Citigroup.

Shortly thereafter, on or about May 8, 2006, D & D Trust contacted Citigroup and asserted that D & D Trust had a competing interest in the Securities.  D & D Trust alleged that it had advanced funds to Dwek in February 2006 in exchange for Dwek's promise to transfer the Securities to D & D Trust.  Because of this competing claim, Citigroup commenced the Interpleader Action to determine the priorities among KLCC and D & D Trust.  To date, the parties to the Interpleader Action have engaged in discovery and completed document production, as well as completed the depositions of

---

[4] Citigroup is the successor in interest to the Smith Barney, the original institution in which the Securities were held.  Because this change does not affect the analysis in this Opinion, both Smith Barney and Citigroup will be referred to as "Citigroup."

[5] "Cayre Decl." refers to Declaration of Kenneth Cayre, attached to KLCC's Motion To Withdraw as Ex. A (1 of 2).

Kenneth Cayre and Joseph Sarbello.  The Interpleader Action has been stayed since April 20, 2009.

      C.  *Cayre Defendant's Response to the Adversary Proceeding*

While the Interpleader Action was still ongoing, the Trustee commenced the Adversary Proceeding.[6]  After the Trustee filed the second amended complaint in the Adversary Proceeding, the Cayre Defendants filed their answer, affirmative defenses, and a jury demand for the Fifth through Thirty-Fifth and Thirty-Ninth Counts of the complaint, as well as a reservation of rights, on August 18, 2008.  Contemporaneously, the Cayre Defendants moved to dismiss the First through Fourth and Thirty-Sixth through Thirty-Eighth Counts of the complaint.[7]  On July 28, 2009, the Bankruptcy Court denied the Cayre Defendants' motion to dismiss, and on September 9 and September 18, 2009, the Cayre Defendants filed their answer to the Trustee's Complaint and D & D Trust's cross-claims, respectively.

Simultaneous with the filing of the answer to D & D Trust's cross-claims, the Cayre Defendants filed the instant Motion to Withdraw on September 18, 2009. The Motion to Withdraw seeks to withdraw the reference of the Cayre Defendants' claims from the Bankruptcy Court, and to transfer the Trustee's claims in the Adversary Proceeding to the District Court for the Southern District of New York, for consolidation with the Interpleader Action.

---

[6] As previously noted, the Cayre Defendants and D & D Trust are defendants in the Adversary Proceeding.  The Bankruptcy Court, however, could not establish jurisdiction over Citigroup.

[7] D & D Trust filed a motion to intervene in the Adversary Proceeding on July 31, 2008, to which both the Trustee and Cayre Defendants filed objections.  However, as noted in note 3, supra, D & D Trust is not a party to the Motion to Withdraw.  Additionally, D & D Trust has filed a proof of claim with the Bankruptcy Court in the Dwek bankruptcy proceeding.

## II. Standard of Review

A district court has original and exclusive jurisdiction over all cases arising under title 11 of the United States Code, 28 U.S.C. § 1334(a). Additionally, "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Thus, district courts have the discretion to either hear these cases or refer them, in whole or part, to the bankruptcy judges for the district. 28 U.S.C. § 157(a). Accordingly, the District Court of New Jersey has "referred all proceedings arising under Title 11 to the bankruptcy court pursuant to a standing order of reference dated July 23, 1984." Kohn v. Haymount Ltd. P'ship, LP, No. 06-2363, 2006 U.S. Dist. LEXIS 58487, at *3-4 (D.N.J. Aug. 21, 2006).

Under 28 U.S.C. § 157(d), a district court must withdraw a reference to the bankruptcy court if the proceeding would require "consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce," and may withdraw a reference "for cause shown." 28 U.S.C. § 157(d). "Although there is no statutory definition of what constitutes 'cause shown' under 28 U.S.C. § 157(d) for permissive withdrawal of reference, 'the statute requires in clear terms that cause be shown before the reference can be withdrawn.'" Nw. Institute of Psychiatry, Inc. v. Travelers Indemnity Co., 272 B.R. 104, 107 (E.D. Pa. 2001) (quoting In re Pruitt, 910 F.2d 1160, 1168 (3d Cir.1990)).

## III. Discussion

The Cayre Defendants move to withdraw the reference as to several counts of the Adversary Proceeding, on the grounds that they are entitled to a jury trial in a district

court. Specifically, Defendants argue that they are entitled to a jury trial: (1) on Counts I and II of the Adversary Proceeding, which seek a declaratory judgment that the Securities are property of the Dwek bankruptcy estate; and (2) on Counts I-III of D & D Trust's cross-claim, which seek a declaratory judgment that D & D Trust is the owner of, or has a superior security interest in, the Securities, as well as judgments against KLCC and Kenneth Cayre for interference with contract and conversion.[8] Essentially, the Cayre Defendants argue that because a Seventh Amendment right to jury exists in these claims against them, and because they do not submit to a jury trial in the Bankruptcy Court, "automatic cause" exists to withdraw the reference.

In support of their motion, the Cayre Defendants cite to a handful of cases in which district courts have held that once a defendant in a bankruptcy adversary proceeding makes a demand for a non-bankruptcy court jury trial, sufficient "cause" exists to grant a motion to withdraw the reference, without the need to determine whether the claims being withdrawn are "core" or "non-core" claims.[9] See Springel v. Prosser,

---

[8] Because Defendants' Motion to Withdraw can be decided without reaching the merits of these claims, the Court need not address the specifics of the underlying Adversary Proceeding.

[9] "Core proceedings include, but are not limited to:

> (A) matters concerning the administration of the estate;
> (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;
> (C) counterclaims by the estate against persons filing claims against the estate;
> (D) orders in respect to obtaining credit;
> (E) orders to turn over property of the estate;
> (F) proceedings to determine, avoid, or recover preferences;

No. 08-146 (CVG), 2008 WL 5142287, at *4 (D.V.I. Dec. 5, 2008) ("'Cause' to withdraw the reference automatically exists in cases where the party seeking the withdrawal is entitled to a jury trial under the Seventh Amendment." (quoting Peachtree Lane Assocs., Ltd. v. Granader, 175 B.R. 232, 235 (N.D. Ill. 1994))); see also American Biomaterials Corp. v. Univ. of Fla., No. 89-4148 (CSF), 1989 WL 144931, at *3 (D.N.J. Nov. 20, 1989) (withdrawing reference in order to honor a jury-demand for a breach-of-contract claim). Simply put, Defendants, in reliance on these cases, argue that because they have demanded, and have a right to, a jury trial, this Court must grant the Motion to Withdraw. The Court disagrees.

Apart from American Biomaterials, this district's precedent does not support the proposition that a party's jury demand is sufficient grounds to withdraw the reference from the bankruptcy court.[10] Indeed, courts in this district often require the bankruptcy court to make a determination of whether the proceeding is "core" or "non-core" before

---

      (G) motions to terminate, annul, or modify the automatic stay;
      (H) proceedings to determine, avoid, or recover fraudulent conveyances;
      (I) determinations as to the dischargeability of particular debts;
      (J) objections to discharges;
      (K) determinations of the validity, extent, or priority of liens;
      (L) confirmations of plans;
      (M) orders approving the use or lease of property, including the use of cash collateral;
      (N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate;
      (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims . . . .

28 U.S.C. § 157(b)(2).

[10] Moreover, although the American Biomaterials' approach may have been appropriate in 1989, it does not appear to be followed by courts in this district in recent years, as discussed infra in the Opinion.

8

addressing the issue of whether the district court should withdraw the reference. See In re Kara Homes, Inc., No. 09-1775 (MLC), 2009 WL 2223035, at *2 (D.N.J. July 22, 2009) ("[The] motion to withdraw the reference to the Bankruptcy Court [because of a jury demand] is premature since the Bankruptcy Court has not yet determined whether the Adversary Proceeding is a core or non-core proceeding.  The core or non-core determination is a 'threshold factor' in the withdrawal analysis, and should be made in the first instance by the Bankruptcy Court"); In re E.W. Trade Partners, Inc., No. 06-1812 (RBK), 2007 WL 1213393, at *3-4 (D.N.J April 23, 2007) (On a motion to withdraw the reference in order to hold a jury trial, the court "finds that 28 U.S.C. § 157(b)(3) requires the bankruptcy judge to determine whether a proceeding is core or non-core. . . .  [T]he bankruptcy judge must make the initial determination of whether this case presents a core or non-core proceeding.  Therefore, [the] motion is not ripe for consideration by this court"); see also In re Montgomery Ward & Co., Inc., 428 F.3d 154, 159-160 (3d Cir. 2005) (discussing with approval the district court's remand to the bankruptcy court for a core/non-core determination).

   Given the consensus in this district, and the Third Circuit's approval in In re Montgomery Ward of a district court's remand to determine core status, the Court rejects Defendants' argument that a jury demand is "automatic cause" to withdraw the reference.  Rather, in determining if the district court should withdraw a reference for cause shown, "[w]hether the proceeding is 'core' or 'non core' to the pending bankruptcy case" is a threshold factor the court must consider. In re E.W. Trade Partners, 2007 WL 1213393 at *3 (citing In re Orion Pictures Corp., 4 F.3d 1095, 1011 (2d Cir. 1993)); see also 28 U.S.C. § 157(b).

9

Next, the Court turns to the four factors when deciding whether to withdraw the reference for cause delineated by the Third Circuit in In re Pruitt. These factors, grounded in the interests of judicial economy, address whether withdrawal would: (1) promote uniformity in bankruptcy administration; (2) reduce forum shopping and confusion; (3) foster the economical use of the debtors' and creditors' resources; and (4) expedite the bankruptcy process. In re Pruitt, 910 F.2d at 1165 (adopting Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992, 999 (5th Cir. 1985)).[11] As In re Pruitt is the seminal Third Circuit case on permissive withdrawals, the Court applies these factors here.

The first factor, promoting the uniformity of bankruptcy administration, weighs in favor of the Trustee. The claims at the center of Defendants' Motion are the ownership and priority of security interests of the Securities. The Trustee's Adversary Proceeding against Defendants is but one of ninety-eight adversary proceedings filed by the Trustee in the instant bankruptcy matter, in an attempt to recover property and assets of the Dwek Bankruptcy Estate. In that regard, if Defendants' Motion to Withdraw were granted, it could potentially affect the Trustee in the other adversary proceedings. The Trustee would be forced to litigate matters relating to the property of the bankruptcy estate in two different courts, which would not promote the uniformity of the bankruptcy

---

[11] Notably, at least one court in the District of New Jersey has recently interpreted In re Pruitt to require the bankruptcy court to make a core/non-core determination prior to a district court reviewing a motion to withdraw. In re Int'l Benefits Groups, Inc., 06-2363 (KSH), 2006 WL 2417297, at *2 (D.N.J. Aug. 21, 2006) ("Before the Court can order a permissive withdrawal from the bankruptcy court, cause must be shown. The most important factor for the Court to consider in deciding whether to withdraw a reference to the bankruptcy court for cause is whether or not the claim is a core proceeding or a non-core proceeding.") (citations omitted).

administration.[12]  Further, the expansive nature of the Dwek bankruptcy, which Defendants do not contest, favors denying Defendants' Motion to Withdraw, in order to better and efficiently resolve the complexities of the bankruptcy matter in only one court. See General Elec. Capital Corp. v. Teo, No. 01-1686 (WGB), 2001 WL 1715777, at *12 (D.N.J. Dec. 14, 2001) (noting the "presumption that Congress intended to have bankruptcy proceedings adjudicated in bankruptcy court unless rebutted by a contravening policy" (quotation omitted)); see also In re Enron 295 B.R. 21, 28 (S.D.N.Y. 2003) ("Because . . . judicial efficiency and uniformity support a decision to keep the action in the Bankruptcy Court, defendants' motion to withdraw the reference and their jury demand is denied").

Similar reasoning applies to the third and fourth In re Pruitt factors. The numerous debtor entities and creditor claims in the Dwek bankruptcy proceeding[13] favors denying Defendants' Motion to Withdraw. The Bankruptcy Court has presided over the Dwek bankruptcy since shortly after the first petition was filed in February 2007. Numerous filings and appearances have occurred in the Bankruptcy Court since that

---

[12] Defendants argue that the effect of denying their Motion to Withdraw will result in duplicative litigation and inconsistent judgments between the Adversary Proceeding and the Interpleader Action. See Defendants' Br. In Reply at 24-26. Although this may be a valid concern, to the extent that the two actions do overlap, the Adversary Proceeding is more expansive. The Trustee seeks to determine the ownership of the Securities and to bring them into the Dwek bankruptcy estate, unencumbered by any other ownership interests. See Trustee's Second Amend. Complaint at ¶¶ 123-77. The Interpleader Action merely concerns superiority of ownership and security interests in the Securities, without regard to the Dwek bankruptcy estate. For this reason, the presence, or lack thereof, of Citigroup in the Adversary Proceeding is inconsequential. That is, Citigroup is not claiming ownership over the Securities, and thus, the Cayre Defendants' claims against Citigroup can be decided separately from whether the Trustee can bring the Securities into the Dwek bankruptcy estate.

[13] Similarly, the location of many of the debtors' assets in New Jersey would favor denying transferring the venue of this proceeding to the Southern District of New York, as requested in Defendants' Motion to Withdraw, were the Court to reach this issue.

time.[14] To withdraw the reference of Defendants at this juncture would not foster the economical use of the debtors and creditors resources, or expedite the bankruptcy process, as the Trustee would be forced to litigate the issues in multiple courts, including in a court unfamiliar with the intricacies of the Dwek bankruptcy proceeding. Cf. In re Enron Corp., 295 B.R. 21, 26 (S.D.N.Y. 2003) ("With regard to judicial economy, the Bankruptcy Court has been involved in the Enron bankruptcy proceedings ever since Enron and its various subsidiaries filed for Chapter 11 protection 18 months ago. Bankruptcy Judge Gonzalez holds hearings on Enron bankruptcy matters frequently; has maintained an efficient case management system for Enron-related matters; is familiar with the procedural history and facts surrounding the financial collapse of Enron; and is well-versed in the legal principles concerning fraudulent transfer and avoidance actions").

Lastly, in connection with the second factor, the Court finds no justification for Defendants' argument that the Trustee engaged in forum shopping by electing to pursue recovery of the Securities in the Bankruptcy Court. Defendants point to no law to support their argument that the Trustee engaged in forum shopping when he elected to file the Adversary Proceeding, rather than joining the Interpleader Action. Indeed, even had the Trustee joined the Interpleader Action, the Trustee would still have had to file an adversary proceeding in the Bankruptcy Court to turn-over the Securities to the bankruptcy estate. See 11 U.S.C. §§ 542(a); Fed. R. Bankr. P. 7001(1). Thus, from a

---

[14] The Court takes judicial notice that, at the time of this Opinion, the Bankruptcy Court docket in the Dwek bankruptcy proceeding already spans over 400 printed pages. See Fed. R. Evid. 201.

standpoint of judicial economy, the Trustee proceeded appropriately via the Adversary Proceeding. Defendants' argument to the contrary is without merit.

Although the above analysis of the In re Pruitt factors weighs in favor of denying the Motion to Withdraw, Defendants nevertheless may be entitled to a jury trial in a district court, as Defendants have not filed a proof of claim or otherwise submitted to the jurisdiction of the Bankruptcy Court,[15] and the Adversary Proceeding seeks to avoid a transfer of the Securities to Defendants. See Granfinanciera S.A. v. Nordberg, 492 U.S. 33, 64-65 (1989) (holding that the Seventh Amendment provides a right to jury, in the district court, in an action to avoid a fraudulent transfer by the bankruptcy trustee); Lagenkamp v. Culp, 498 U.S. 42, 45 (1990) ("If a party does not submit a claim against the bankruptcy estate, however, the trustee can recover allegedly preferential transfers only by filing what amounts to a legal action to recover a monetary transfer. In those circumstances the preference defendant is entitled to a jury trial").[16]

As discussed above, however, Defendants have not shown any cause for this Court to withdraw the reference, other than an asserted right to a jury trial. Courts have reconciled this apparent conflict—right to a jury, but otherwise insufficient cause to

---

[15] The Trustee argues that Defendants waived any right to a jury trial because they failed to seek withdrawal of the reference at the time Defendants filed their Answer and made their first jury demand in August 2008. Plaintiff's Br. In Opp. at 9-10. The Court finds this argument specious. The Bankruptcy Court denied the Cayre Defendants' motion to dismiss in the Adversary Proceeding on July 28, 2009. On September 9, 2009, the Cayre Defendants filed their answer to the Trustee's Complaint, and within a few days, they filed the instant motion. Based upon this procedural history, the Court finds that this motion was brought timely.

[16] The Court further notes that Defendants premise their right to a jury trial in the Adversary Proceeding on the fact that the causes of action "underlying" the declaratory judgment claims in Counts I and II of the Adversary Proceeding are equivalent to common law "conversion" and "trover" claims. Defendants assert that both of these actions carried with them the right to a jury trial, and therefore Defendants have a right to a jury trial in the Adversary Proceeding.

13

withdraw—by maintaining the reference to the bankruptcy court, and only holding a jury trial in the district court if the matter is not otherwise resolved before that stage. E.g., General Elec. Capital Corp. v. Teo, 2001 WL 1715777 at *4 ("courts in this district and elsewhere have held that even when a district court must ultimately preside over a trial by jury, there is no reason why the Bankruptcy Court may not 'preside over [an] adversary proceeding and adjudicate discovery disputes and motions only until such time as the case is ready for trial'") (citation omitted); In re Lands End Leasing, Inc., 193 B.R. 426, 436 (Bankr. D.N.J. 1996) ("The [bankruptcy] court will therefore preside over this adversary proceeding and adjudicate discovery disputes and motions only until such time as the case is ready for trial" (citing In re Kenne Corp., 182 B.R. 379, 385 (S.D.N.Y. 1995))); see also Jamuna Real Estate LLC v. Bagga, No. 06-50 (BWK), 2007 WL 172331, at *2 (E.D. Pa. 2007) ("it is well settled, however, that the fact that a claim may eventually be tried by a jury does not in itself constitute sufficient cause for immediate withdrawal" (citing In re American Classic Voyages Co., 337 B.R. 509, 511 (D. Del. 2006))); In re Enron Corp., 317 B.R. 232, 235 (S.D.N.Y. 2004) ("it does not automatically follow from [a] jury demand that the reference must be withdrawn"); Hayes v. Royala, Inc., 180 B.R. 476, 477 (E.D. Tex. 1995) (denying motion to withdraw the reference for jury trial "until it is readily apparent that [the] case will require a trial by jury").

Thus, notwithstanding Defendants' demand for a jury trial, the Court finds that under the In re Pruitt factors the Bankruptcy Court is best suited to resolve all pretrial matters. If the claims cannot be resolved as a matter of law, then the matter may be removed for a jury trial in the district court. See General Elec. Capital Corp., 2001 WL

14

1715777 at *5 ("Despite Defendant's demand for a jury trial, the Court concludes that [the] action is best left before the Bankruptcy Court, at least until all pre-trial matters have been resolved.  The Court reaches this conclusion because consideration of the Pruitt factors demonstrates that leaving the dispute before the Bankruptcy Court would promote uniformity in bankruptcy administration, reduce confusion, foster the economical use of the debtors' and creditors' resources, and most importantly expedite the bankruptcy process").

The Court, having denied Defendants' Motion to Withdraw, need not address Defendants' motion to transfer venue.

## **Conclusion**

For the foregoing reasons, the Court DENIES without prejudice Defendants' Motion to Withdraw the Reference at this conjuncture in the bankruptcy proceeding.  The matter shall proceed in the Bankruptcy Court until such a point when a jury trial may be necessary.

An appropriate Order shall follow.


DATED:  6/18/2010                                                  /s/ Freda L. Wolfson
                                                                   Freda L. Wolfson
                                                                   United States District Judge